IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-CR-00038 |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| SHAWN ROBINSON NELSON | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Nicholas W. Chase, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney; Defendant, Shawn Robinson Nelson; and Defendant's counsel, Erin Bolinger, agree to the following:

1. Defendant acknowledges the Information charges a violation of Title 18, United States Code, Section 2252(a)(4)(B).

2. Defendant has read the charges and Defendant's attorney has fully explained the charges to Defendant.

3. Defendant fully understands the nature and elements of the charged crime.

4. Defendant will voluntarily plead guilty to lone count of the Information, admit to the forfeiture allegation. Defendant will also waive Indictment pursuant to Rule 7(b).

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the

non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6. Defendant will plead guilty because Defendant is in fact guilty of the charges. In pleading guilty to lone count, Defendant acknowledges that:

**Possession of Images Depicting the Sexual Exploitation of Children**

In or about October, 2019, and in or about March, 2021, in the District of North Dakota, the defendant, knowingly possessed visual depictions using a means and facility of interstate and foreign commerce, specifically, the internet, the production of which visual depictions involved the use of minors engaging in sexually explicit conduct and which depictions were of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

7. Defendant understands the following maximum penalties apply:

| | |
|---|---|
| Imprisonment: | 10 years minimum/20 years maximum |
| Fine: | $250,000 |
| Supervised Release: | 5 years minimum/up to life term |
| Special Assessment: | $100 per count |

Assessments and Mandatory Restitution

8. Defendant further understands that the crimes to which he is pleading guilty carry the following assessments and mandatory restitution:

(a) An assessment of $100.00 per count under 18 U.S.C. § 3013. Defendant agrees to pay the Clerk of the United States District Court this assessment on or before the day of sentencing.

(b) An assessment of $5,000.00 per count under 18 U.S.C. § 3014; and

(d) Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an offense described in paragraphs 8(b)(i) or (ii), is not less than $3,000.00 per victim.

9. Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a) The right to a speedy public jury trial and related rights as follow:

(i) A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

    (iv) At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

    (b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

    10. Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

    11. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, <u>Guidelines Manual</u>, (Nov. 2021) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

    12. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free

to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

13. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

14. The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 22. (USSG § 2G2.2).

15. The United States believes that the following upward adjustments may be applicable in this case:

- +2, depictions of prepubescent minors. (USSG § 2G2.2(b)(2));
- +4, Sado/maso conduct depicted. (USSG § 2G2.2(b)(4));
- +2, use of a computer/internet. (USSG § 2G2.2(b)(6)); and
- +3, in excess of 150, but less than 300 images. (USSG § 2G2.2(b)(7)(C)).

16. The parties agree to the forfeiture of the items included in the Forfeiture Allegation of the Indictment.

17. At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

18. Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

19. At sentencing, the United States will:

    (a) Recommend the Court impose the mandatory minimum sentence of 120-months imprisonment;

    (b) Recommend that Defendant be ordered to pay restitution, if applicable; and

    (c) Recommend a 10-year term of supervised release.

20. Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against

Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statements, or false declarations, if Defendant commits such acts in connection with this agreement or otherwise.

21. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

22. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

23. **Defendant's Waiver of Appeal**. Defendants have a right to appeal their conviction and sentence (Judgment), unless they agree otherwise. Appeals are taken to the United States Court of Appeals for the Eighth Circuit (appellate court), pursuant to Title 18, United States Code, Section 3742(a). The appellate court has ruled that defendants can waive (give up) their right to appeal. Defendants often waive their right

to appeal as part of a plea agreement and in exchange for concessions by the United States. The appellate court will enforce such waivers.

Defendant and defendant's attorney acknowledge they have fully reviewed and fully discussed the record in this case and all issues that may be raised on appeal. They have fully discussed defendant's right of appeal and the consequences of waiver. Defendant has decided to waive any right of appeal, except as may be provided herein.

By signing this Plea Agreement, defendant voluntarily waives defendant's right to appeal the Court's Judgment against defendant; and, absent a claim of ineffective assistance of counsel, defendant waives all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendant reserves only the right to appeal from a sentence that is greater than the upper limit of the Court-determined Sentencing Guidelines range.

Defendant understands that the United States was motivated by defendant's willingness to waive any right of appeal when the United States chose to offer defendant terms of a plea agreement. In other words, the United States was willing to offer certain terms favorable to defendant in exchange for finality. Defendant understands and agrees this case will be over once defendant has been sentenced by the Court. Defendant agrees that it will be a breach of this agreement if defendant appeals in violation of this agreement. The United States will rely upon defendant's waiver and breach as a basis for dismissal of the appeal. Moreover, defense counsel may reasonably conclude and inform the appellate court that an appeal is wholly frivolous. Defense counsel may then move to withdraw, citing Anders v. California, 386 U.S. 738, 744 (1967), and Smith v. Robbins,

528 U.S. 259 (2000). Defendant agrees an appeal in violation of this agreement should be dismissed.

By signing this Plea Agreement, the defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. The defendant agrees that any attempt to withdraw defendant's plea will be denied and any appeal of such denial should be dismissed.

24. **Sex Offender Registration - Megan's Law/Adam Walsh Act Notice:** Through execution of this Plea Agreement, Defendant acknowledges that he has been advised, and understands, that pursuant to the Sex Offender Registration and Notification Act, a federal law, he must register as a sexual offender and keep such registration current in each of the following jurisdictions: where he resides, where he is employed, and where he is a student. Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is employed, or is a student not later than three **(3)** business days after any change of name, residence, employment, or student status. Defendant acknowledges that he has been advised and understands that failure to comply with these obligations subjects him to prosecution for

9

failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

25. The parties further agree that Defendant will forfeit all rights and interest to the property set forth in the Forfeiture Allegation of the Indictment.

26. Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

27. The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

28. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.

AGREED:

|  |  |
|--|--|
| | NICHOLAS W. CHASE<br>United States Attorney |
| Dated: 1/3/2023 | *signature*<br>By: GARY L. DELORME<br>Assistant United States Attorney |
| Dated: 12/30/2022 | *signature*<br>SHAWN ROBINSON NELSON<br>Defendant |
| Dated: 1/3/23 | *signature*<br>ERIN BOLINGER<br>Attorney for Defendant |